Sneed, J.,
delivered tbe opinion of the court:
The petitioner, Gossett, in his petition for writs of cer-tiorari and supersedeas, claims to be released from all liability as stayor of a judgment in favor of defendant Odle, and against one Jordan as principal, and Leslie as surety, on the ground that soon after the expiration of said stay *348 in November, 1868, the said defendant, the plaintiff in said judgment, entered into an agreement with the said Jordan, without the consent of the surety, Leslie., or the petitioner as stayor, that he would indulge the said Jordan in the payment of said judgment on condition that Jie would pay him' interest at the rate of ten per cent, for such forbearance. Jordan, at the time of said agreement, was solvent, but at the time execution was issued — he having died meantime — his estate was insolvent. Such arrangement, if made, was unlawful and void [because in violation'of the conventional rate of interest statute. Acts 1869-70, oh. 69, repealed by acts 1877, ch. 21], and whether so or not, interposed no obstacle to the surety or stayor after judgment in securing' himself by a judgment over against the principal. [As to remedy of stayor, see Code, secs. 4794, 5394, 4790, and notes. As to remedy of surety, see Code, sec. 5385 et seq., and notes.] The circuit judge instructed the jury that such a state of facts would not discharge the stayor, and of this opinion is the court. Peay v. Poston, 10 Yer., 111; Grimes v. Nolen, 3 Hum., 412; Sharp v. Fagan, 3 Sneed, 541. [But see also Chaffin v. Rose, 5 Bax., 696.]
Let the judgment be affirmed.